UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. STEVEN ARKIN, et al.,

    Plaintiffs,

v.

Case No: 8:19-cv-1723-T-36AEP
Consolidated with:
Case No. 8:19-cv-2410-T-36TGW

SMITH MEDICAL PARTNERS, LLC, et al.,

    Defendants.

_____/

# **O R D E R**

This cause is before the Court on Defendants' Motion to Stay Pending Preliminary Settlement Approval (the "Motion to Stay"), (Doc. 56), and the Pillbox Plaintiffs' Motion for Entry of a Supplemental Case Management Order and a Confidentiality Order (the "Motion for Supplemental CMSO"), (Doc. 39). The Court, having considered the parties' submissions and being fully advised in the premises, will grant the Motion to Stay and grant-in-part and deny-in-part the Motion for Supplemental CMSO.

## I.    BACKGROUND

This case involves three consolidated actions, the history of which the Court will only briefly summarize here.[1] In September of 2017, Dr. Steven Arkin ("Plaintiff Arkin") filed a lawsuit in this Court against Smith Medical Partners, LLC and H.D. Smith, LLC (collectively,

---

[1] In briefly stating the facts, the Court relies on the factual summaries in the Motion to Stay and the response in opposition thereto, which largely complement one another. (Docs. 56 at 2–4; 59 at 1–4).

"Defendants")[2] for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*. (Docs. 56 at 1; 59 at 1). The Court dismissed the lawsuit based on a stipulation by the parties, but the settlement was subsequently terminated. (Docs. 56 at 2; 59 at 2). Thereafter, Dr. William P. Sawyer ("Plaintiff Sawyer") filed a class action lawsuit against Defendants in the United States District Court for the Northern District of Illinois, entitled *Sawyer v. Smith Medical Partners, LLC, et al.* ("*Sawyer*"). *Id.* Additionally, Pressman, Inc. ("Plaintiff Pressman, Inc."), Weston Pill Box, Inc., Davie Pill Box, LLC, and Pill Box Pines West, LLC (collectively, the "Pillbox Plaintiffs") filed a class action lawsuit against Defendants in Illinois state court, entitled *Pressman, Inc., et al. v. Smith Medical Partners, LLC, et al.* ("*Pillbox*"), which was removed to the United States District Court for the Northern District of Illinois. (Docs. 56 at 2–3; 59 at 3). The Northern District of Illinois consolidated *Pillbox* with *Sawyer* and transferred *Sawyer* to this Court. (Docs. 56 at 3; 59 at 3).

Meanwhile, in July of 2019, Plaintiff filed the present action against Defendants. (Doc. 1). Following the transfer of *Sawyer* to this Court, the Court consolidated *Sawyer* with the present action on December 18, 2019. *Sawyer, et al. v. Smith Med. Partners, LLC, et al.*, No. 8:19-cv-2410-T-36TGW (M.D. Fla.) (Doc. 60 at 2–3). In consolidating *Sawyer* with the present action, the Court explained that the cases involve common questions of law or fact and discovery would overlap. *Id.* The Court also explained that consolidation would conserve resources, at least during the initial stages and for discovery purposes. *Id.* The Anderson + Wanca law firm represents Plaintiff Arkin and Plaintiff Sawyer, whereas the Bock Hatch law firm represents the Pillbox Plaintiffs.

---

[2] For purposes of this Order, this reference omits those fictious parties named as defendants.

On December 10, 2019, the Court entered the Case Management and Scheduling Order in this action. (Doc. 33). The Pillbox Plaintiffs filed the Motion for Supplemental CMSO on January 6, 2020. (Doc. 39). Significantly, Plaintiff Pressman, Inc. filed its Renewed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Motion for Preliminary Approval") on February 21, 2020.[3] (Doc. 58). Plaintiff Arkin opposes the Motion for Preliminary Approval. (Doc. 60). Defendants move this Court to stay the litigation while it evaluates the proposed settlement. (Doc. 56 at 7).

## II. LEGAL STANDARD

Courts have broad discretion to stay proceedings as incidental to their power to control their own dockets. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 F. App'x. 840, 841 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). A decision to stay is left to the discretion of the district court, s*ee Clinton,* 520 U.S. at 706, and the party seeking the stay has the burden of demonstrating why a stay should issue, *see Postel Indus., Inc. v. Abrams Grp. Constr.*, *L.L.C.,* No. 6:11-cv-1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013) (Baker, Mag.). Determining whether to impose a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## III. ANALYSIS

---

[3] The Court denied the original Motion for Preliminary Approval of Class Action Settlement and Certification of Class Settlement for failure to comply with Local Rule 3.01(g). (Doc. 57).

### A. Motion to Stay

The Court will grant the Motion to Stay and stay the action for one-hundred twenty (120) days from the date of this Order. Defendants provide two reasons for staying the action pending the Court's evaluation of the Motion for Preliminary Approval. First, Defendants contend that "a class settlement that resolves the claims of the putative class members in all of the consolidated proceedings, at this stage of the litigation, will circumvent numerous inefficiencies associated with simultaneous litigation of overlapping class actions" and thus forestall unnecessary, costly, and burdensome discovery. (Doc. 56 at 4). Second, Defendants claim that allowing litigation to proceed while the Court evaluates the Motion for Preliminary Approval will result in duplication of discovery activity and briefing on class certification. *Id.* On this basis, Defendants argue that limiting the parties' disputes to the propriety of the settlement serves the best interests of the parties and the Court. *Id.*

In the Motion for Preliminary Approval, Plaintiff Pressman, Inc. moves individually and as the representative of the proposed settlement class for preliminary approval of the parties' settlement agreement. (Doc. 58 at 1). The attached settlement agreement provides that it is by and between Plaintiff Pressman, Inc., "on behalf of itself and a settlement class of purportedly similarly situated persons," and Defendants. (Doc. 58-1 at 1). According to the Motion for Preliminary Approval, Defendants and Plaintiff Pressman, Inc. agreed to define the "settlement class" as, except as otherwise provided, "All persons who were sent, by or on behalf of H.D. Smith, LLC or Smith Medical Partners, LLC, one or more advertisements by facsimile from September 26, 2013 through January 25, 2019." (Doc. 58 at 9–10) (internal quotation marks omitted). The Motion for Preliminary Approval also references proposed settlement provisions, such as Defendants paying

"$4.5 million into a non-reversionary Settlement Fund, at least $3.25 million of which will be paid to claiming class members . . . ." *Id.* at 9.

Given the implications that approving the settlement would have on this action, a limited stay is warranted.[4] Defendants' arguments are persuasive. Based on the terms of the settlement agreement, including the "settlement class" definition, preliminarily approving the settlement would avoid duplicative discovery efforts and related, overlapping issues. These efforts and issues may ultimately prove unnecessary if the Court approves of the settlement. Entering a limited stay of the action will allow the parties—and the Court—to focus on the propriety of the Motion for Preliminary Approval.

The Court is cognizant that it must consider, and weigh, Plaintiff Arkin's objections to Defendants' request for a stay. However, the Court finds these objections unpersuasive to prevent the issuance of a stay and, as such, affords them little weight. Plaintiff Arkin first points out that, as of the time when he filed his response to the Motion to Stay, the Case Management and Scheduling Order's April 3, 2020 class certification deadline was "mere[ly] weeks away" and he will be unable to meet that deadline if the Court grants the requested stay. (Doc. 59 at 4). Upon Plaintiff Arkin's request, (Doc. 66), the Court recently extended the class certification deadline to June 2, 2020, (Doc. 67). While this date falls within the duration of the stay, Plaintiff may move for another extension of the class certification deadline, as needed. This argument is unavailing.

Plaintiff Arkin also asserts that the Motion to Stay "fails to establish a reasonable likelihood that preliminary approval will be granted." (Doc. 59 at 5). In support, he asserts that the Motion for Preliminary Approval fails to "explain why $4.5 million is within the reasonable range of

---

[4] Defendants contend that approving the settlement "would resolve all of the claims at issue in the cases brought by the Anderson + Wanca and Bock Hatch firms." (Doc. 56 at 4). Plaintiff Arkin also does not challenge this contention, but instead submits the two arguments discussed below.

recovery in a case where Bock Hatch previously objected to the $21 million settlement in *Arkin II* as being too low." *Id.* (internal quotation marks and citations omitted). Although the Court undertook an exploratory review of the Motion for Preliminary Approval, Plaintiff Arkin fails to offer any basis for why the Court must find—in determining whether to stay the action—a "reasonable likelihood" that Defendants' request for preliminary approval will be granted. As emphasized above, the Court maintains broad discretion in determining whether to stay an action. Further, this argument is an attack on the propriety of the proposed settlement, which the Court will take up when it considers the Motion for Preliminary Approval. As such, Plaintiff's second argument in opposition is also unavailing.

Therefore, the Court will exercise its broad discretion to grant Defendants' request for a stay. In doing so, the Court emphasizes that this stay will be limited in duration, for a period of one-hundred twenty days.

### B. Motion for Supplemental CMSO

In the Motion for Supplemental CMSO, filed before the Motion for Preliminary Approval and Motion to Stay, the Pillbox Plaintiffs request the Court to: (1) order that all deadlines in the Case Management and Scheduling Order, which was entered before the consolidation of *Sawyer* with this action, are applicable to *Sawyer* and *Pillbox*, and, therefore, a Rule 26(f) conference is unnecessary for Plaintiff Sawyer and the Pillbox Plaintiffs;[5] (2) order that "the Agreement regarding Discovery and Use of Confidential Discovery Materials," as agreed by the parties in the initial *Arkin* case, applies to this action; and (3) order Defendants to answer or otherwise respond

---

[5] The Pillbox Plaintiffs frame their requested relief in this manner at the conclusion on the final page of the motion, despite the motion's title and their request on the first page for the Court to "enter a supplemental case management order establishing the same case management schedule in these consolidated cases." (Doc. 39 at 1).

6

to the *Sawyer* and *Pillbox* complaints within twenty-eight days or, if the Court orders the filing of a consolidated complaint, within twenty-eight days of the consolidated complaint's filing. (Doc. 39 at 5).

The Court entered the Case Management and Scheduling Order in this action on December 10, 2019, (Doc. 33), prior to the consolidation of *Sawyer* (with which *Pillbox* had already been consolidated) with this action on December 18, 2019, *Sawyer, et al. v. Smith Med. Partners, LLC, et al.*, No. 8:19-cv-2410-T-36TGW (M.D. Fla.) (Doc. 60 at 2–3). The Pillbox Plaintiffs argue that the Anderson + Wanca law firm, which represents Plaintiff Arkin and Plaintiff Sawyer, has taken the position that the Case Management and Scheduling Order is inapplicable to the Pillbox Plaintiffs. (Doc. 39 at 3). In opposing the Motion for Supplemental CMSO, Plaintiff Arkin asserts that the "Court [has] not set a deadline for a motion for class certification in *Sawyer*/*Pillbox*." (Doc. 46 at 3). Plaintiff Arkin further emphasizes that "[t]here has been no case management conference, no case management report, and no Case Management and Scheduling Order." *Id.* at 5.

Plaintiff Arkin misunderstands. Although the Court entered the Case Management and Scheduling Order prior to the consolidation of *Sawyer*, such subsequent consolidation does not render inapplicable the Case Management and Scheduling Order's deadlines to *Sawyer* or *Pillbox*. The Case Management and Scheduling Order's deadlines are, and have been, applicable to all parties to this action, including, upon consolidation, all parties in *Sawyer* (and thus all parties in *Pillbox*). Finding the Case Management and Scheduling Order's deadlines applicable to only those parties to the action prior to consolidation would undermine the very purpose of consolidating these two actions. Indeed, the Court consolidated *Sawyer* with this action to "conserve resources" during, at least, the "initial stages and for purposes of discovery." *Sawyer, et al. v. Smith Med.*

7

*Partners, LLC, et al.*, No. 8:19-cv-2410-T-36TGW (M.D. Fla.) (Doc. 60 at 2) (emphasis added). Requiring the parties to abide by different deadlines during the action's preliminary stages and discovery would thwart the stated purpose of conserving resources. Plaintiff Arkin's argument is thus unavailing. Of course, to the extent that a party seeks modification of a deadline in the Case Management and Scheduling Order, the entry of an amended case management and scheduling order, or another Rule 26(f) conference, that party may request such relief.

As for the request for the Court to implement a confidentiality agreement, this request is due to be denied without prejudice in light of the Court's decision to impose a stay. The Pillbox Plaintiffs may renew this request following the stay, as needed.

Finally, Defendants did not respond to the complaints in *Sawyer* or *Pillbox* prior to consolidation. In consolidating *Sawyer* with this action, the Court explained that it could not yet determine whether the cases should be tried together. *Sawyer, et al. v. Smith Med. Partners, LLC, et al.*, No. 8:19-cv-2410-T-36TGW (M.D. Fla.) (Doc. 60 at 2). Consequently, whether the actions will remain consolidated following the stay remains to be seen. Permitting Defendants to forego answering or responding to the *Sawyer* and *Pillbox* complaints would significantly stall litigation in the event of future un-consolidation. Thus, the plaintiffs from *Sawyer* and *Pillbox* shall file their respective complaints, as originally filed in those actions, on the docket within seven days of the conclusion of the stay, as needed. Within twenty-one days thereafter, Defendants shall respond to the complaints.

**IV. CONCLUSION**

Accordingly, it is **ORDERED** as follows:

1. Defendants' Motion to Stay Pending Preliminary Settlement Approval, (Doc. 56), is **GRANTED**, to the extent that this action is **STAYED** for **ONE-HUNDRED TWENTY**

**(120) DAYS** from the date of this Order. The Clerk is directed to administratively close this case. Any party may move to lift the stay and re-open this case at the conclusion of the 120 days or the issuance of an order on Plaintiff Pressman, Inc.'s Renewed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 58), whichever occurs first.

2. The Pillbox Plaintiffs' Motion for Entry of a Supplemental Case Management Order and a Confidentiality Order, (Doc. 39), is **GRANTED-IN-PART** and **DENIED-IN-PART**. The deadlines in the Case Management and Scheduling Order, (Doc. 33), apply to all parties to this action. A party seeking a modification of a deadline therein, an amended case management and scheduling order, or another Rule 26(f) conference may move for such relief. The Pillbox Plaintiffs' request for the Court to implement a confidentiality agreement is **DENIED** without prejudice to the Pillbox Plaintiffs' right to renew such request following the conclusion of the stay, as needed. Within **SEVEN (7) DAYS** from the conclusion of the stay, Plaintiff William P. Sawyer and the Pillbox Plaintiffs shall file their complaints from *Sawyer, et al. v. Smith Med. Partners, LLC, et al.*, No. 8:19-cv-2410-T-36TGW (M.D. Fla.) and *Pressman, Inc., et al. v. H.D. Smith, LLC, et al.*, No. 1:19-cv-4826 (N.D. Ill.), respectively. Defendants shall respond to each complaint within **TWENTY-ONE (21) DAYS** from the date of that complaint's filing.

**DONE AND ORDERED** in Tampa, Florida on April 3, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any