UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. STEVEN ARKIN,

    Plaintiff,

v.                                                                    Case No: 8:19-cv-1723-T-36AEP
                                                                    Consolidated with:
                                                                    Case No. 8:19-cv-2410-T-36TGW

SMITH MEDICAL PARTNERS, LLC, *et al.*,

    Defendants.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter comes before the Court on plaintiff Pressman, Inc.'s "Renewed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Motion") (Dkt. 58). The Court has reviewed and considered the Motion, the Settlement Agreement[1] and its exhibits (Dkt. 58-1), Defendants' Response to the Motion (Dkt. 61), Plaintiff Dr. Steven Arkin's Response in Opposition to the Motion (Dkt. 60), the arguments, representations, and recommendations of counsel, and the requirements of law. For the reasons stated below as well as the reasons stated on the record at the June 23, 2020 hearing, the Court finds:

    1)    this Court has jurisdiction over the subject matter and the Parties to this Action and venue in this District is proper;

    2)    the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 (a) and (b)(3) and should be certified for settlement purposes only;

---

[1] As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meaning accorded to them in the Settlement Agreement.

3) Pressman, Inc. and its counsel should be appointed to represent the Settlement Class;

4) the Settlement appears to have resulted from informed, good-faith, arm's-length negotiations between Pressman, Inc., defendants H. D. Smith, LLC and Smith Medical Partners, LLC, and their respective counsel, and is not the result of collusion;

5) the Settlement is within the range of reasonableness and should be preliminarily approved;

6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23, provided that language complying with Federal Rule of Civil Procedure 23(c)(2)(B)(iv) is added to the "Notice of Class Action Settlement with Attached Claim Form" (attached to the Settlement Agreement as Exhibit 2), and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement Agreement, Class Counsel's application for a Fee Award and request for an Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement Agreement;

7) the Settling Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment on the proposal;

8) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and

whether to grant Class Counsel's Fee Award and request for an Incentive Award for Pressman, Inc.; and

9) other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff Pressman, Inc. ("Plaintiff") moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendants, and the Court having reviewed and considered the Settlement Agreement and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referenced in ¶16 of this Order.

2. This Court has jurisdiction over the Parties and the subject matter of the claims asserted in this lawsuit, which the Court hereby certifies solely for the purposes of the Settlement Agreement.

3. Plaintiff is a member of the Settlement Class and has standing.

4. Venue is proper in this District.

5. By stipulation of the Settling Parties, and for the purpose of settlement only, the Court hereby certifies the following class:

> All persons who were sent, by or on behalf of H. D. Smith, LLC or Smith Medical Partners, LLC, one or more advertisements by facsimile from September 26, 2013 through January 25, 2019.

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the members, managers, officers, directors, agents, servants or employees of Defendants, the immediate family members of such persons, and this Court.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the proposed settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class. The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

7. The Court finds that certification for purposes of settlement only is appropriate because: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law or fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

8. It appears that the Court is likely to conclude, pursuant to Rule 23(e)(2) and after notice to the Settlement Class, that: (a) the class representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the Settling Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by facsimile and U.S. Mail and a simple, one-page claim form with minimal and fair requirements); (iii) the Settling Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other.

9. Pursuant to Rule 23(a), the Court appoints Pressman, Inc. as the representative of the Settlement Class and appoints Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC as Class Counsel.

10. The Clerk of Court is directed to modify the docket to identify Pressman, Inc. as the lead plaintiff on both Case No. 8:19-CV-1723-T-36TGW (*Arkin*) and Case No. 8:19-cv-02410-CEH (*Sawyer/Pressman*).

**Notice and Administration**

11. At Plaintiff and Defendants' joint request, and based upon Plaintiff's representations in the Motion, the Court appoints Heffler Claims Group as Settlement Administrator.

12. The Court finds that the Settlement Agreement's plan for class notice by U.S. Mail and facsimile will provide the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. That plan is approved and adopted. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise the persons in the Settlement Class of the pendency of this Action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of Settlement Class Members to object to the Settlement Agreement and to exclude themselves from the Settlement Class. The Court further finds that the "Notice of Class Action Settlement with Attached Claim Form" (attached to the Settlement Agreement as Exhibit 2) complies with Rule 23, is appropriate as part of the notice plan, and it is approved and adopted, provided that language complying with Federal Rule of Civil Procedure 23(c)(2)(B)(iv) is added thereto.

13. The Court orders that the Settlement Administrator disseminate the notice to the Settlement Class as proposed: (1) by facsimile to the facsimile numbers contained in the Class

List; and (2) by postcard U.S. Mail to the addresses associated with those facsimile numbers. The Settlement Administrator shall also create and maintain a website containing a copy of the Notice and the Settlement Agreement and permitting claims to be submitted electronically. The Court finds and orders that no other notice is necessary.

14. Defendants, or the Settlement Administrator acting on their behalf, shall also cause the requirements of 28 U.S.C. § 1715 to be satisfied through service of notice of the proposed Settlement upon the Attorneys General of each U.S. State and the Attorney General of the United States.

## Opt-Outs, Objections and Final Approval

15. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise his/her/its right to opt-out of the Settlement Class by following the procedures set forth in §IV(4) of the Settlement Agreement and the Notice before the expiration of the Opt-Out Deadline (*see infra* ¶17).

16. Any Settlement Class Member may object to the Settlement Agreement, Class Counsel's application for a Fee Award, or the request for an Incentive Award by following the procedures set forth in §IV(6) of the Settlement Agreement and the Notice before the expiration of the Objection Deadline (*see infra* ¶17).

17. The Final Approval Hearing shall be held before this Court on **December 10, 2020 at 11:00 a.m.** to determine whether to grant Final Approval to the Settlement Agreement and to enter a Final Approval Order, and whether Class Counsel's application for a Fee Award and request for an Incentive Award should be granted.

**Deadlines and Dates**

18.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Settling Parties to incorporate the deadlines and dates in the Class Notice:

| Event | Date |
| --- | --- |
| Deadline for Transmission of Notice | August 18, 2020 |
| Deadline for Motion for Attorney Fees and Incentive Award | October 4, 2020 |
| Deadline for persons in the Settlement Class to opt-out | October 19, 2020 |
| Deadline for Settlement Class Members to submit objections | October 19, 2020 |
| Deadline for submission of claims | November 16, 2020 |
| Deadline for Motion for Final Approval of the Class Action Settlement | November 23, 2020 |
| Class Action Fairness Act (28 U.S.C. §1715) Compliance Declaration | November 23, 2020 |
| Declaration from the Settlement Administrator regarding class notice and settlement administration | November 30, 2020 |
| Final Approval Hearing | December 10, 2020 at 11:00 a.m. |

**Stay/Bar of Other Proceedings**

19.     The *Arkin* action and the consolidated *Sawyer/Pressman* action are stayed except for the activities scheduled in this Order.

20.     Pending final determination of whether the Settlement Agreement should be approved, all persons in the Settlement Class, and persons purporting to act on their behalf, who do not timely exclude themselves from the Settlement Class are hereby enjoined from directly or indirectly (a) asserting any of the Released Claims (as that term is defined in the Settlement Agreement) in any action or proceeding; (b) filing, commencing, prosecuting, intervening in, or

participating in (as class members or otherwise) any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (c) organizing any persons in the Settlement Class to opt-out or for purposes of pursuing as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties.

21. If terminated pursuant to its provisions, the Settlement Agreement shall be of no force or effect and the Settling Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, any orders entered by the Court in connection with this Agreement shall be vacated, and this Settlement Agreement shall not be used for any purpose whatsoever against any of the Settling Parties.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2020

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any