IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Steven Arkin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 8:19-CV-1723-T-36AEP |
| ) | |
| Smith Medical Partners, LLC ) | Hon. Charlene Honeywell |
| and H. D. Smith, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **consolidated with** ) | |
| ) | |
| William D. Sawyer, M.D., Pressman, Inc., ) | |
| et al. v. Smith Medical Partners, LLC and ) | |
| H. D. Smith, LLC, No. 8:19-cv-02410-CEH ) | |

PLAINTIFF PRESSMAN, INC.'S MOTION
AND MEMORANDUM IN SUPPORT OF AWARD
OF ATTORNEY FEES AND EXPENSES TO CLASS COUNSEL,
AND FOR AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE

Plaintiff Pressman, Inc. ("Plaintiff"), individually and as the representative of

the Settlement Class, moves pursuant to Fed. R. Civ. P. 23(h) and Rule 54(d)(2) for

an award of attorney fees to Class Counsel in the amount of $1,250,000 (25% of the

Settlement Fund) and for an award of expenses in the amount of $23,176.74; and

also for a service award of $15,000 to Plaintiff.[1]

INTRODUCTION

Plaintiff's Class Action Complaint alleges that defendants Smith Medical

Partners, LLC and H.D. Smith, LLC (collectively, "Smith") sent unsolicited

advertisements by facsimile to Plaintiff and others in violation of the Telephone

---

[1]      Capitalized terms refer to the terms in the Settlement Agreement. ECF 55-1.

Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). After reviewing thousands of pages of documentary evidence, mediating for a full day plus continued efforts by Judge Morton Denlow (Ret.) of JAMS, and later engaging in a second round of negotiations between counsel, Plaintiff and Smith agreed to a proposed class-wide settlement of the claims about Smith's faxes. The Court has preliminarily approved the settlement, subject to a final approval hearing on December 10, 2020. The Court ordered that Plaintiff must submit its motion for attorney fees and incentive award by October 5, 2020.[2]

The proposed settlement offers immediate and substantial compensation to the Settlement Class. Specifically, Smith has agreed to pay $4,500,000 in cash to establish a non-reversionary Settlement Fund that—if the Court finally approves the settlement—will be divided on a claims-made, per-fax-number basis among all persons who submit a Valid Claim Form, after deductions for the costs of class notice, settlement administration, and the amounts the Court awards for attorney's fees, expenses, and Plaintiff's incentive award.

For its fee, Class Counsel seeks the standard, "benchmark" fee in this Circuit: 25% of the $4,500,000 settlement fund, or $1,250,000. Class Counsel also requests reimbursement of $23,176.74 of expenses reasonably incurred. The Class Notice advised the Settlement Class about this fee request.

Plaintiff additionally requests a conditional award of $15,000 to Plaintiff as an incentive or service award, payable to Plaintiff only if the holding in *Johnson v.*

---

[2]     Sunday, October 4, 2020, was the due date, but Rule 6 (a) (1) (C) extends the deadline to Monday, October 5, 2020.

*NPAS Sols., LLC*, No. 18-12344, -- F.3d --, 2020 U.S. App. LEXIS 29682 (11th Cir. Sept. 17, 2020), prohibiting incentive awards is reversed, else to be paid along with the funds from uncashed claimant checks as ordered by the Court. (Plaintiff intends to propose that any and all such funds be distributed as a *cy pres* to the claimants who cashed their initial settlement checks, increasing their payments. Doc. 55-1, Settlement Agreement, p. 29, ¶ VI(1)(c).)

Plaintiff's request for an incentive, or service, payment is in line with jurisprudence predating *Johnson*, including *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1196-97 (11th Cir. 2019), *en banc rehearing granted and decision vacated*, 939 F.3d 1279 (11th Cir. 2019), but *Johnson* is binding. As discussed below, Plaintiff respectfully submits that the appropriateness of incentive awards is currently being reviewed by the Eleventh Circuit and Johnson may remain the binding law of this circuit or be abrogated by an *en banc* decision in *Muransky*, by an *en banc* decision in *Johnson*, or on a writ of *certiorari* to the U.S. Supreme Court. The issue isn't ripe until and should not be decided before December's final approval hearing, by which Johnson's binding impact can be assessed.

## ARGUMENT

I.   **Plaintiff respectfully requests that the Court award Class Counsel 25% of the Settlement Fund as attorney fees, plus $23,176.74 to reimburse expenses reasonably incurred.**

Class Counsel request 25% of the Settlement Fund ($1,125,000.00) as attorney fees, plus expense reimbursement totaling $23,176.74. Doc. 55-1, Settlement Agreement, pp. 5-6, Section II, ¶¶ 11, 15; Exhibit 2 thereto. The Class

Notice informed the Settlement Class of this request as follows: "Class Counsel will request that the Court award them attorneys' fees of $1,125,000 (25% of the total Settlement Fund), plus their out-of-pocket litigation expenses, all to be paid from the Settlement Fund." Doc. 55-1, Ex. 2 thereto, ¶ E. The objection deadline is October 19, 2020.

The Settlement Agreement provides that Class Counsel will request an award of attorney fees from the Settlement Fund. Doc. 55-1 ¶ VI(1)(a). It is well settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). Where the settlement makes a fund of money available to the class, as this one does, "a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) (discussing *Boeing* rule and describing it as one "designed to prevent freeloading"). "This Court has 'recognized consistently' that someone 'who recovers a common fund for the benefit of persons other than himself' is due 'a reasonable attorney's fee from the fund as whole.'" *US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 1550 (2013) (quoting *Boeing*, 444 U.S. at 478); *see also* ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 13:80 (4th ed. June 2008).

In *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) ("*Camden I*"), the Eleventh Circuit held as follows:

> We believe that the percentage of the fund approach is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."

*Id.*, 946 F.2d at 774; *see also Poertner v. Gillette Co.*, 618 F. App'x 624, 628 (11th Cir. 2015); *cert. denied sub nom, Frank v. Poertner*, 136 S. Ct. 1453 (2016). *Camden I* explained that a Task Force Report from a study of common fund fee awards found that the percentage method accomplished the goals of providing:

> fair and reasonable compensation for attorneys in those matters in which fee awards are provided by federal statute or by the fund-in-court doctrine; to discourage abuses and delays in the fee-setting process; to encourage early settlement or determination of cases; to provide predictability; to carry out the purposes underlying court-awarded compensation; to simplify the process by reducing the burdens it currently imposes on the courts and on litigants; and to arrive at fee awards that are fair and equitable to the parties and that take into account the economic realities of the practice of law.

*Id.*, 946 F.2d at 773 (internal citations omitted).

The 25% fee award Class Counsel seeks here is well within the range of fee awards in common fund settlements in this Circuit, including numerous TCPA settlements and, indeed, is the standard, "benchmark" award. *See Camden I*, 946 F.2d at 774-775 (finding that fee awards in common fund settlements range from 20% to as much as 50% of the total benefits, with most awards falling between 20% and 30%); *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2011) ("25% is generally recognized as a reasonable fee award in common fund cases"); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) ("The majority of common fund fee awards fall between 20% to 30% of the fund."); *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019) ("In this Circuit, courts typically award between 20-30%, known as the benchmark range."); *Wilson v. EverBank*, No. 14-CIV-22264-BLOOM/VALLE, 2016 WL 457011, *18, 2016 U.S.

Dist. LEXIS 15751, *59 (S.D. Fla. Feb. 3, 2016) ("[F]ederal district courts across the country have, in the class action settlement context, routinely awarded class counsel fees in excess of the 25 percent 'benchmark,' even in so called 'mega-fund' cases.") (quotation omitted); *Swaney v. Regions Bank*, No. 2:13-CV-00544-RDP, 2020 WL 3064945, 2020 U.S. Dist. LEXIS 101215 (N.D. Ala. June 9, 2020) ("'[T]he majority of common fund fee awards fall between 20% to 30% of the fund,' with 25% of the fund being viewed as a 'benchmark percentage fee award.'"); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1201 (S.D. Fla. 2006) ("[I]n determining [fee] ... awards, the 'bench mark' percentage is 25%, 'which may be adjusted up or down based on the circumstances of each case.'") (quotation omitted); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 695 (N.D. Ga. 2001) ("[A]ttorneys' fees should be a reasonable percentage of a common fund created for the benefit of the class[ ] and set a 25% recovery as an appropriate 'benchmark.'") (quotation omitted); *Walco Invs., Inc. v. Thenen*, 975 F. Supp. 1468, 1470 (S.D. Fla. 1997) (noting that "25% of the common fund is a 'benchmark'"); *Hanley v. Tampa Bay Sports & Entm't LLC*, 19-CV-00550, 2020 U.S. Dist. LEXIS 89175, *16 (M.D. Fla. April 23, 2020) (Honeywell, J.) (citing and discussing cases) ("[D]istrict courts in the Eleventh Circuit routinely approve awards of one-third of the common settlement fund.").

Here, Plaintiff does not seek more than the 25% benchmark, so the so-called Johnson factors need not be applied. *Faught, supra*, 668 F.3d at 1242 ("Where the requested fee exceeds 25%, the court is instructed to apply the twelve *Johnson*

factors.") (*citing Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974))).

And, the requested percentage is at or below the "market rate" for TCPA cases. *E.g.*, *Bobo's Drugs, Inc. d/b/a Davis Islands Pharmacy v. Total Pharmacy Supply, Inc.*, Case No. 17-cv-2553 (M.D. Fla. Nov. 4, 2019) (Doc. 72) (awarding 25% of fund in TCPA fax class action); *Youngman v. A&B Ins. & Fin., Inc.*, No. 16-cv-01478, Dkt. No. 70 (M.D. Fla. July 31, 2018) (awarding one third of fund TCPA class action); *James v. JPMorgan Chase Bank, N.A.,* No. 15-cv-2424, 2017 WL 2472499 at *2 (M.D. Fla. 2017) (awarding attorneys' fees amounting to 30% of the settlement fund where class counsel "litigat[ed] a large class action" brought under the TCPA); *Gonzalez v. TCR Sports Broad. Holding, LLP,* No. 18-cv-20048, 2019 WL 2249941 at *6 (S.D. Fla. 2019) (collecting authorities and noting "district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund"); *Palm Beach Golf Center-Boca, Inc. v. Sarris*, Case No. 12-cv-80178 (S.D. Fla. Sept. 27, 2016) (Doc. 230) (25% of fund); *Soto v. The Gallup Org.*, No. 13-cv-61747, Dkt. No. 95 (S.D. Fla. Nov. 24, 2015) (awarding one third in TCPA class action action); *Guarisma v. ADCAHB Med. Coverages, Inc.*, No. 13-cv-21016, Dkt. No. 95 (S.D. Fla. June 24, 2015) (same); *Schwyhart v. AmSher Collection Servs., Inc.,* No. 15-cv-01175, 2017 WL 1034201 at *3  (N.D. Ala. 2017) (finding award of attorneys' fees of "one-third of the Settlement Fund" to be "fair and reasonable" in TCPA class action); *Markos v. Wells Fargo Bank, N.A.*, No. 15-cv-01156, 2017 WL 416425, at *3 (N.D. Ga. Jan. 30, 2017) (awarding 30% of settlement fund in TCPA class action).

As indicated above, the Class Notice informed the Settlement Class about the requested attorney fees. Class members have until October 19 to object. Courts recognize the lack of objection from members of the class as an important factor in awarding fees. *See, e.g., In re Automotive Refinishing Paint Antitrust Litig.*, 2008 WL 63269, *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrate that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *Columbus Drywall & Insulation v. Masco Corp.*, 2012 U.S. Dist. LEXIS 196030, *17 (N.D. Ga. Oct. 26, 2012) ("the Court considers it significant that the stakeholders in this recovery do not object to the requested award"); *In re Food Serv. Equip. Hardward Antitrust Litig.*, 2011 U.S. Dist. LEXIS 164262 at *14 (N.D. Ga. Dec. 27, 2011) ("[t]he lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair") (citing cases).

Class Counsel undertook this matter on a contingency basis. Having litigated TCPA class actions since 2003, and other consumer class actions for many more years, Class Counsel applied heavy experience and unique capabilities to achieve an excellent result for the Settlement Class, and did so in a fair and efficient manner. As detailed in the motion for preliminary approval, the class faced—and but for this settlement would face—significant delay and risks of litigation and nonpayment, among other issues. *E.g.*, Doc. 58, pp. 15-18. With the Settlement, however, persons who submit a Valid Claim Form will be paid a *pro rata* share of the Settlement Fund for each qualifying fax number, without any need to prove up their claim

against Smith, and without needing to possess or even remember receiving any fax from Smith.

Plaintiff respectfully requests that the Court award Class Counsel $1,250,000, plus reimbursement of out-of-pocket expenses totaling $23,176.74, all reasonably incurred for the benefit of the Settlement Class in litigating Plaintiff's objection to *Arkin II*, mediating with Smith, and pursuing this case. A detailed list of those expenses is attached as Exhibit A.

## II.    Plaintiff respectfully requests that the Court conditionally award $15,000 to Plaintiff as an incentive or service award.

On September 17, 2020, the *Johnson* panel issued its opinion ruling that Supreme Court precedent prohibits incentive awards in class actions. Attorneys for the class in that case have moved for, and been granted, an extension of time to October 22, 2020, to file an *en banc* petition. Order, Exhibit B. Should *en banc* rehearing be granted in *Johnson*, the panel decision—including its prohibition of incentive awards in class action settlements—would be vacated automatically. *See United States v. McIver*, 688 F.2d 726, 729 n.5 (11th Cir. 1982) (opinion "has no precedential value ... as it was vacated pursuant to granting of rehearing *en banc*"); *Henderson v. Fort Worth Ind. Sch. Dist.*, 584 F.2d 115, 116 (5th Cir. 1978) ("A petition for rehearing *en banc* was granted, which effectively vacates the panel opinion as a citable precedent."); *United States v. Rice*, 635 F.2d 409, 410 n.1 (5th Cir. 1981) (panel opinion "vacated as a result of the grant of the petition for rehearing *en banc* ... constitutes no precedent.").

Before *Johnson*, courts regularly awarded additional compensation to the persons who assume the special litigation burdens of class representative and thereby benefit the entire class. *See Allapattah Servs., Inc.*, 454 F. Supp. 2d at 1218 (collecting cases) (approving an incentive awared of 1.5% of the total amount recovered in the action); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (approving class incentive awards of $8,000, $9,000, and $14,000); *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming $25,000 incentive award to class representative because "a named plaintiff is an essential ingredient of any class action, [and] an incentive award is appropriate if it is necessary to induce an individual to participate in the suit").

Here, the parties agreed Plaintiff could request an incentive award similar in amount to the awards in other TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

Class action suits conserve judicial and litigant resources. *GMAC Mtge. Corp. v. Stapleton*, 236 Ill. App. 3d 486, 497 (1st Dist. 1992), *citing* C. Krislov, SCRUTINY

OF THE BOUNTY: INCENTIVE AWARDS FOR PLAINTIFFS IN CLASS LITIGATION, 78 Ill. B.J. 286 (June 1990). Class representatives assume burdens of litigation that absent class members do not shoulder and they do so without promise of a reward and with the risk that the litigation may not succeed.

Plaintiff stepped forward and objected to the *Arkin II* settlement. After that settlement was canceled, Class Counsel and Plaintiff negotiated and agreed to the proposed settlement pending before the Court. The settlement offers more than twice as much money to twice as many claimants as *Arkin II*. That value was only possible because Plaintiff agreed to be involved in the controversy and subject itself to attack and obligation to benefit the entire class. Plaintiff's efforts and willingness to work for the class support an incentive award, except *Johnson* prohibits that.

Because *Johnson* might be altered *en banc* or on a petition for *certiorari*, Plaintiff recommends taking a wait-and-see approach on this issue. Perhaps by the time of the final approval hearing on December 10, 2020, there will be a decision on the *en banc* motion in *Johnson* or an *en banc* decision in *Muransky* that resolves the question. If not, and in order to avoid any delay in disbursing settlement funds to claimants, Plaintiff proposes that the Court approve the settlement and also order that the Settlement Administrator hold $15,000 from the Settlement Fund until such time as either *Muransky* or *Johnson* finally resolves the propriety of incentive awards in this Circuit. If allowed by the Eleventh Circuit, Plaintiff will be paid. If not, the money should be distributed *pro rata* to the claimants who cashed their settlement checks in this matter.

11

## CONCLUSION

For the foregoing reasons, Plaintiff and Class Counsel respectfully request that the Court enter an Order: (1) awarding attorney fees of $1,250,000 to Class Counsel; (2) reimbursing Class Counsel's expenses totaling $23,176.74; and (3) conditionally awarding $15,000 to Plaintiff as an "incentive award," such award to be paid only if the Eleventh Circuit or U.S. Supreme Court determines in *Johnson* or *Muransky* that incentive awards are allowed in class actions, or else the awarded sum will be paid instead by a second distribution to the claimants who cashed their settlement checks.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(G)

Pursuant to M.D. Fla. Local Rule 3.01(g), undersigned counsel has conferred with counsel for Defendants and said counsel has advised that Defendants "take no position" as to the relief requested in this motion; and also conferred with counsel appearing for Steven Arkin and William D. Sawyer, M.D., who advised that they oppose the relief requested in this motion.

Dated: October 5, 2020

Respectfully submitted,

By: s/ Phillip A. Bock
Class Counsel

Phillip A. Bock
Robert M. Hatch
Tod A. Lewis
Jonathan B. Piper
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on October 5, 2020, he caused the foregoing to be filed using the Court's CM/ECF system, which automatically serves a copy on all counsel of record.

/s/ Phillip A. Bock

13