UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN ARKIN,

     Plaintiff,

v.

                                  Case No: 8:19-cv-1723-CEH-AEP
                                  **consolidated with**
                                  Case No. 8:19-cv-2410-CEH-TGW

SMITH MEDICAL PARTNERS, LLC,
H.D. SMITH, LLC and JOHN DOES
1-5,

     Defendants.

_____/

## OPINION AND ORDER

## I.    INTRODUCTION

These consolidated cases arise out of claims asserted against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C) ("TCPA"), due to unsolicited advertisements sent via facsmile. Plaintiff Steven Arkin initiated one of the suits, which was ultimately consolidated with the TCPA class action claims brought by Plaintiff Pressman, Inc. ("Pressman"). Before the Court is Arkin's "Motion for Attorney Fees in the Event the *Pressman* Settlement Gains Final Approval" (Doc. 82), wherein he seeks attorney's fees for the work performed by the law firm representing him as non-class counsel. Pressman opposes the motion (Doc. 85). In the motion, Arkin contends that to the extent the Court grants approval of the *Pressman* class action settlement, the Court should award Arkin's

counsel a portion of the attorney's fees recovered based on the 1,660 claims initially filed by Arkin's counsel against Defendants. Pressman and its counsel argue the motion should be denied because Arkin's counsel failed to provide any benefit to the class members. The parties presented oral argument on the motion at the final fairness hearing conducted December 10, 2020. Following the hearing, the Court entered a Final Approval Order approving a $4,500,000 settlement fund and an attorney fee award to Pressman's counsel of $1,250,000.[1] Doc. 97. The Order indicated that no portion of the attorney's fees shall be payable to non-class counsel, Anderson + Wanca (the firm representing Arkin), and that a separate order will issue denying Plaintiff Arkin's motion for attorney's fees. *Id.* at 7.

Upon due consideration of Arkin's motion (Doc. 82), the declarations, arguments of counsel, the parties' submissions, and the applicable law, and being fully advised in the premises, the Court issues the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a).

## II.   FINDINGS OF FACT

1.     Plaintiff Dr. Steve Arkin sued Defendants, Smith Medical Partners, LLC and H.D. Smith, LLC (collectively "Defendants"), in September 2017, alleging

---

[1] The Final Approval Order grants a fee award of $1,250,000. Doc. 97 at 7. This amount should be $1,125,000, which equals 25% of the $4,500,000 common fund. The Court has been advised by the Bock Hatch firm that, in light of Arkin's appeal and this Court no longer having jurisdiction, it will be filing a motion requesting the Eleventh Circuit to relinquish jurisdiction to this Court to allow the Court to consider Bock Hatch's Rule 60(a) motion, which will be forthcoming.

violations of the TCPA arising out of facsimiles sent by "Smith Medical Partners" to the putative class. Doc. 82 at 2; *see* Doc. 1, *Arkin v. Smith Medical Partners, LLC, et al.,* No. 8:17-cv-2233-CEH-AEP (M.D. Fla.) ("*Arkin I*").

2.      The *Arkin I* class action complaint was filed in this Court by the Anderson + Wanca law firm ("Wanca firm" or "Arkin's Counsel"). *See* Doc 1 in A*rkin I*.

3.      A potential settlement of *Arkin I* was reached in August 2018, wherein a fund of $21 million was to be made available for payment of attorney's fees and expenses and claims of the putative class members. Doc. 82-1, ¶¶ 2, 19; Doc. 82 at 3.

4.      According to attorney Ross Good, the Wanca firm expended 671.95 hours litigating *Arkin I*. Doc. 82-1, ¶ 10; Doc. 82 at 3.

5.      Pursuant to agreement of the parties, *Arkin I* was dismissed, and the action was re-filed in state court in Illinois for purposes of settlement approval.[2] Doc. 61 at 5; Doc. 61-17; *see Arkin v. Smith Medical Partners, LLC, et al.,* No. 18 CH 894 (Ill. Cir. Ct., Lake Cty.) ("*Arkin II*").

6.      The *Arkin II* court preliminarily approved the settlement on January 25, 2019. Doc. 61-21.

7.      In response to the notice of settlement sent to the putative class, 1,660 class members filed claims, which was the equivalent of $493 per class member. Doc. 82 at 3.

---

[2] Defendants are located in Illinois. Doc. 82 at 3.

8.     The settlement included an award of $7 million in attorney's fees to the Wanca firm based on one-third of the common fund created by the proposed settlement.  Doc. 58-6 at 27; Doc. 61-20 at 2. In its supplemental briefing attempting to justify its fees to the Illinois court, the Wanca firm cited over 30 Illinois TCPA cases which granted attorney fee awards representing one-third of the common fund.[3] Doc. 55-5 at 3–5.

9.     An objection to the proposed settlement of *Arkin II* was filed by Pressman, Inc., represented by the Bock Hatch Lewis & Oppenheim law firm ("Bock Hatch"). Doc. 60-1.

10.    Arkin's counsel conceded that the negotiated settlement permitted Defendants to cancel the settlement at any time up to the final approval hearing. Doc. 95 at 18; *see* Doc. 58-6 at 22.

11.    The *Arkin II* settlement ultimately failed, with Defendants exercising their right to terminate the settlement agreement. Defendants filed a notice of termination of settlement in the Illinois action. Doc. 58-12; Doc. 61-24.

12.    After the settlement was canceled, the *Arkin II* class was decertified. Doc. 58-13.

13.    Pursuant to the parties' agreement, if the settlement failed, the parties were returned to their respective positions as if the agreement had not been entered

---

[3] In contrast, courts in the Eleventh Circuit routinely award class counsel attorney's fees representing 25% of the common fund. *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991) (noting 25% as the benchmark percentage fee award which may be adjusted in accordance with the individual circumstances of each case) and its progeny.

into. Doc. 58-6 at 22–23. Following the termination of the settlement, Arkin re-filed his case in the Middle District of Florida (the instant action) ("*Arkin III*"). Doc. 1.

14.     Separately, Plaintiffs Sawyer and Pressman filed a putative class action in the United States District Court for the Northern District of Illinois against Smith Medical, which ultimately was transferred to this Court and consolidated with *Arkin III. See* Docs. 1, 60 in *Sawyer v. Smith Medical Partners, LLC*, No. 8:19-cv-2410-CEH-TGW (M.D. Fla.). The consolidated actions are now before the Court.

15.     Beginning in July 2019, Defendants agreed to produce documents to Pressman for purposes of negotiation and possible settlement. Doc. 85 at 7; Doc. 85-1. The Parties engaged in settlement discussions until August, at which time an impasse was declared. Doc. 85 at 8. In December 2019, after Pressman reviewed voluminous electronic files produced by Defendants, the parties resumed negotiations and reached a settlement.  Doc. 85-1 ¶¶ 9–18.

16.     The Bock Hatch firm independently reviewed a folder entitled "Fax Logs, Reports and JSR Emails; a folder labeled "Images," a folder labeled "Invoices," a folder entitled "List," nine bates-labeled PDF documents totaling 2,238 pages, and a summary prepared by Defendants' counsel. *Id.*; *see also* Doc. 85 at 8–10. Bock Hatch did not have access to the Wanca firm's work product. *Id.* at 10.

17.     The settlement, which was approved by this Court, provides for a $4.5 million non-reversionary settlement fund, at least $3.25 million of which is to be paid to the claiming class members, which resulted in each member recovering approximately $1,100. Doc. 58 at 12; Doc. 95 at 20. Of the total settlement fund, class

counsel (Bock Hatch) sought and recovered 25% of the settlement fund, for a total fee of $1,125,000, the correct amount of the fee award. Doc. 58 at 14; Doc. 97 at 7.

18.     Arkin files the instant motion for attorney's fees on behalf of the Wanca firm, which seeks recovery of a portion of the $1,125,000 attorney fee award for the fees attributable to the recovery of the 1,660 class members whose claims were previously a part of the failed *Arkin II* settlement. Doc. 82.

## III.   CONCLUSIONS OF LAW

The Eleventh Circuit has explained:

> One of the recognized exceptions to the American Rule is the "common fund" case. The common fund exception "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval. Fed. R. Civ. P. 23(e).

*Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). In *Camden I*, the Court held that such fees awarded to class counsel from a common fund shall be based upon a "reasonable percentage of the fund established for the benefit of the class." *Id.* at 770. Twenty-five percent has been described as the "benchmark" attorneys' fee award in such cases. *Id.* at 774-75.

Both parties acknowledge Federal Rule of Civil Procedure 23(h) provides, in certain circumstances, for non-class counsel to recover attorney's fees in class action

cases. *See* Doc. 82 at 7; Doc. 85 at 11. The Advisory Committee Notes to Rule 23(h) support the same conclusion:

> [Rule 23(h)] provides a format for all awards of attorney fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

Fed. R. Civ. P. 23(h), Advisory Committee Notes to the 2003 Amendments.

In determining whether non-class counsel are entitled to fees, the Court is persuaded by the Third Circuit's opinion in *In re Cendant Corporation Securities Litigation*, 404 F.3d 173, 197 (3d Cir. 2005). There, the court held that non-designated counsel "who confer an *independent* benefit upon the class will merit compensation." *Id.* at 197 (emphasis added). "Only work that actually confers a benefit on the class will be compensable; in the ordinary case, simply filing a complaint that is substantially identical to other complaints will not by itself warrant compensation." *Id.* The Second Circuit similarly held that "when a *substantial* benefit has been conferred on the class, non-lead counsel are entitled to reasonable compensation." *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 87 (2d Cir. 2010) (emphasis added).

Here, the Wanca firm claims that it conferred a benefit on the class for which it should be compensated. Specifically, Wanca argues the *Pressman* settlement was built on the foundation laid by it. The Wanca firm points to the fact that it initially filed the

first TCPA lawsuit against Defendants. But merely being the first to file the complaint is generally not enough. *See In re Cendant Corp. Sec. Litig.*, 404 F.3d at 197. Next, Wanca contends it litigated *Arkin I* for nearly a year. While that may be the case, when Wanca achieved what it believed to be a settlement, it dismissed *Arkin I* and refiled in Illinois. It is unclear to the Court whether the reason for dismissing and refiling in Illinois was because that is the state in which Defendants' principal place of business is located or because the case law in that state appears to be more favorable to class counsel seeking higher fee awards. Regardless of the reason, the dismissal and re-filing does not appear to have been a decision made in the interest or for the benefit of the class members. When the settlement failed, the Wanca firm re-filed the action, at the potential loss of some claims due to the expiration of the statute of limitations,[4] in the Florida federal court.

Next, the Wanca firm claims that its efforts during the discovery process resulted in the production of voluminous documents by Defendants, which counsel spent significant time reviewing and analyzing. Arkin and the Wanca firm rely on the Tenth Circuit's opinion in *Gottlieb v Barry*, 43 F.3d 474, 489 (10th Cir. 1994), to argue Wanca's entitlement to a percentage of the fees recovered. However, in *Gottlieb*, class counsel specifically acknowledged the benefit to the class conferred by certain non-

---

[4] The Court makes no finding regarding whether certain claims were barred by the statute of limitations, but notes Bock Hatch's reference to analyzing broadcasts by date to determine which and how many transmissions were potentially affected by the statute of limitations following the Wanca firm's dismissals and re-filings. According to Bock Hatch counsel, the maneuvering potentially impaired 75% of the faxes at issue. Doc. 85-1 ¶ 18.

class counsel's work. *Id.* Here, Bock Hatch did not rely on Wanca's work product to obtain the documents from Defendants, to pursue the class members' claims, or to negotiate the settlement. As explained by Bock Hatch counsel, they independently reviewed 81 "detail reports," 1,975 "exception reports," and 2,146 "summary reports." Doc. 85 at 9. Bock Hatch counsel reviewed 3,088 PDFs of monthly WestFax invoices to Defendants. *Id.* Counsel reviewed 2,287 target lists, four annual insurance policies, document retention policy documents, and an internal memorandum to employees regarding rules for fax broadcasts. *Id.* Further, counsel reviewed broadcasts of advertisements, summaries, and exception reports. *Id.* at 10. Thus, notwithstanding the Wanca firm's nearly 700 hours litigating *Arkin I*, the Wanca firm fails to direct the Court to any efforts by the firm that created a substantial, independent benefit to the class.

Additionally, the Wanca firm contends it participated in extensive settlement negotiations with Defendants and ultimately reached a settlement for 1,660 class members. However, the settlement agreement permitted Defendants to back out of the settlement at any time up until the final approval hearing. Additionally, the proposed recovery by all class members totaled less than one million dollars, whereas counsel was poised to recover $7,000,000.

The Court notes, despite the Wanca firm's representations as to the amount of work the firm performed, the settlement failed because Defendants were able to and did cancel it. Critically, the settlement agreement that the Wanca firm negotiated with Defendants allowed for a right of cancellation for any reason, including if there were

too many claims. The Court fails to see how such agreement provided a substantial benefit to the class members.

In contrast, the settlement reached by class counsel, Bock Hatch, recovered for each class member approximately $1,100 each, over double the amount the Wanca firm's failed settlement would have provided. Arkin fails to demonstrate how his counsel's work substantially benefited the class. As such, the motion to recover fees as non-class counsel fails.

## IV.    CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1.      Arkin and the Wanca firm fail to demonstrate that the firm's work conferred a substantial benefit to the class members to entitle the Wanca firm to recover non-class counsel attorney's fees. Plaintiff Arkin's Motion for Attorney's Fees in the Event the *Pressman* Settlement Gains Final Approval (Doc. 82) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 1, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

10